**George A. ADAMOS, Appellant, v. NEW YORK LIFE INS. CO., Appellee.**

No. 5436.

Circuit Court of Appeals, Third Circuit.

July 10, 1934.

John D. Meyer and Alan S. Christner, both of Pittsburgh, Pa., for appellant.

William H. Eckert, of Pittsburgh, Pa., Louis H. Cooke, of New York City, and Smith, Buchanan, Scott & Gordon, of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

In this case the beneficiary of four policies issued by the New York Life Insurance Company on the life of Andy Adamos brought suit to recover thereon. In answer thereto the insurance company, in pursuance of section 274b of the Judicial Code (28 USCA § 398), and in accord with Enelow v. New York Life Insurance Co. (C. C. A.) 70 F.(2d) 728, prayed equitable relief by canceling the policies in question on the ground of fraud. After testimony was taken, the court found the decedent guilty of the alleged fraud, in that in his application for insurance he had falsely stated that he had not been treated by any doctors, whereas, in point of fact, by his own admission, he had been under the care of several, and had been informed that he was suffering from probably fatal maladies.

After hearing and due consideration had, we agree with the court below and find it had ample testimony on which to base its finding that a fraud had been committed.

The judgment below is therefore affirmed.

**ALADDIN PETROLEUM CORPORATION v. Mrs. Auguste REMPEL.**

No. 1015.

Circuit Court of Appeals, Tenth Circuit.

April 19, 1934.

Ebright & Smith, of Wichita, Kan., for appellant.

Long, Depew & Stanley, of Wichita, Kan., for appellee.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

PER CURIAM.

Appeal dismissed on stipulation.

**ALEMITE CORPORATION v. LUBRAIR CORPORATION.**

No. 2929.

Circuit Court of Appeals, First Circuit.

July 10, 1934.

PER CURIAM.

The following order has been entered (July 10, 1934): "Upon motion of appellant, assented to, It is ordered that the decree of the District Court of July 17, 1933, be, and the same hereby is, vacated, and the case is remanded to that court for entry of a final decree in accordance with said motion." Note.—Attached to the motion is a consent decree declaring the patent valid, that it was infringed, and that a permanent injunction issue.